IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>APRIA HEALTHCARE GROUP, INC. )<br>)<br>)<br>)<br>Defendant. )<br>) | CIV No._____<br><br>COMPLAINT & JURY DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 to correct alleged unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Hilda Padilla ("Charging Party") who was adversely affected by such practices. As alleged with greater particularity below, Defendant Apria Healthcare Group, Inc. ("Defendant" or "Apria") discriminated against Ms. Padilla by discharging her because of a disability or a perceived disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Apria Healthcare Group, Inc. was a California corporation continuously doing business in the State of New Mexico and the City of Albuquerque, and had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## GENERAL ALLEGATIONS

7. More than thirty days prior to the institution of this lawsuit, Hilda Padilla filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. The Commission investigated Ms. Padilla's charge of discrimination.

9. Based on evidence adduced during its investigation, the Commission issued a determination finding reasonable cause to believe Defendant had engaged in certain unlawful employment practices identified in the determination.

10. The Commission's determination letter included an invitation for Defendant to join with the Commission in an attempt to eliminate the alleged unlawful employment practices through informal methods of conciliation.

11. As part of the conciliation process, the Commission provided Defendant a proposal detailing the kinds of relief the Commission felt was necessary to eliminate the alleged unlawful employment practices.

12. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADA through informal methods of conciliation, conference and persuasion within the meaning of Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

13. The Commission and Defendant were unable to reach agreement in the conciliation process.

14. After the conciliation efforts were unsuccessful, the Commission sent notice to Defendant that conciliation had failed.

15. Since at least January 2009, Defendant has engaged in unlawful employment practices at its facility in Albuquerque, in violation of Title I of the ADA, Sections 102(a) and 102(b)(1), 42 U.S.C. §§ 12112(a) and (b).

16. On May 1, 2006, Defendant hired Ms. Padilla into a per diem position as a Warehouse Clerk.

17. On July 16, 2007, Defendant converted Ms. Padilla's employment into a full-time position as a Warehouse Clerk.

18. As a warehouse clerk, Ms. Padilla packaged and prepared healthcare equipment and supplies, processed paperwork for distribution of equipment and supplies, ensured accurate paperwork, stocked stores and warehouses with equipment and supplies, performed inventory tasks, cleaned and sterilized equipment, made small repairs to equipment, and acted as a back-up delivery person.

19. Defendant provided Ms. Padilla with a performance evaluation that found her work performance "meets expectations."

20. On May 26, 2009, Ms. Padilla took leave unpaid leave under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA") to undergo and recover from surgery that involved the removal of a 23 pound tumor.

21. The tumor was an impairment that substantially limited Ms. Padilla's normal cell growth, ability to lift, and her ability to maintain her normal bodily functions. The removal of the tumor also entailed removal of all of Ms. Padilla's reproductive organs.

22. While Ms. Padilla was on FMLA leave, she was paid the remainder of her accumulated vacation leave then the remainder of the absence was taken as unpaid leave.

23. Ms. Padilla returned to work on July 6, 2009.

24. Upon her return to work, Ms. Padilla presented Defendant with a doctor's note authorizing her return to work, but restricting her from lifting more than 25 pounds.

25. Two days later, on July 8, 2009, Defendant, through its Regional Vice-President Steve Gradwell and Human Resources completed a reduction-in-force worksheet for Ms. Padilla.

26. For approximately one week, Ms. Padilla resumed her work duties as warehouse clerk with limitations in lifting more than 25 pounds.

27. On July 13, 2009, Ms. Padilla told Branch Manager David Rockwell that she felt much better having the "23 pound tumor" out of her.

28. That same day, Rockwell called Ms. Padilla into his office for a meeting with the Manager of Hazardous Materials, Jon Pal.

29. In that meeting, on July 13, 2009, Rockwell terminated Ms. Padilla's employment, alleging Defendant was eliminating Ms. Padilla's job position.

30. Ms. Padilla was not given prior notice of her termination, and was not offered a severance agreement during the July 13, 2009 meeting.

31. At the conclusion of the meeting, Rockwell told Ms. Padilla, "and Hilda, good luck with your tumor."

32. A part-time per diem employee who was not disabled, Robert Carroll, was retained in the position of warehouse clerk in Defendant's Albuquerque warehouse.

33. Three months later, Carroll was converted into a regular warehouse clerk position, and his hours steadily increased.

34. Throughout Ms. Padilla's employment at Apria, she was a qualified individual with a disability within the meaning of Section 101 of the ADA, 42 U.S.C. § 12111(8).

35. Due to Ms. Padilla's termination from employment, she was unable to maintain health insurance or receive follow-up care after her surgery.

**CLAIM FOR RELIEF**
**(Discharge – 42 U.S.C. §§ 12112(a) and (b)(1))**

36. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

37. Hilda Padilla was disabled or regarded as disabled as defined in the ADA.

38. Hilda Padilla was able, with or without reasonable accommodation, to perform the essential functions of the Warehouse Clerk position she had performed since May 1, 2006.

39. Defendant was aware that Hilda Padilla had undergone surgery to remove a large tumor prior to her discharge at Apria, and was also aware of her lifting restriction.

40. The tumor was an impairment that substantially limited Ms. Padilla's normal cell growth, ability to lift, and her ability to maintain her normal bodily functions. The removal of the tumor also entailed removal of all of Ms. Padilla's reproductive organs.

41. Defendant discharged Hilda Padilla because of the tumor or because she was perceived to have an impairment.

42. Defendant's discharge of Hilda Padilla violated Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

43. Defendant's discharge of Hilda Padilla was intentional.

44. Defendant's discharge of Hilda Padilla was malicious and/or done with reckless indifference to Ms. Padilla's federally protected rights.

45. The effects of the practices complained of in paragraphs 7-43 have been to inflict emotional pain, suffering, and inconvenience upon Hilda Padilla and deprive her of the financial and other benefits of working for Defendant.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees or applicants because of disability.

      B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

      C.      Order Defendant to make whole Hilda Padilla by providing appropriate back pay and benefits with prejudgment interest, in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement with all attendant rights and benefits, or front pay in lieu thereof.

      D.      Order Defendant to make whole Hilda Padilla by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

      E.      Order Defendant to make whole Hilda Padilla providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including physical pain, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.      Order Defendant to pay Hilda Padilla punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper.

      H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        P. DAVID LOPEZ
        General Counsel

        MARY JO O'NEILL
        Regional Attorney
        Phoenix District Office

        RITA BYRNES KITTLE
        Supervisory Trial Attorney
        Denver Field Office

        */s/* **Christina A. Vigil**
        Christina A. Vigil
        Senior Trial Attorney
        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Albuquerque Area Office
        505 Marquette Ave. N.W., Suite 900
        Albuquerque, New Mexico  87102
        (505) 248-5231
        **Lead Trial Attorney to be Noticed**

**DATED: SEPTEMBER 18, 2014**