FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 1 1 2016

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                                  No. 14-CV-0851 MCA/KBM

APRIA HEALTHCARE GROUP, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendant Apria Healthcare Group, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction.* [Doc. 22] The Court, having considered the submissions, the relevant law, and otherwise being fully advised in the matter, hereby DENIES the motion.

### BACKGROUND

Ms. Hilda Padilla filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Padilla completed an intake questionnaire on May 7, 2010, which states that she was terminated on July 16, 2009. [Doc. 25-1, pp. 1-2] The EEOC then prepared a formal *Charge of Discrimination* on its standard form and presented it to Padilla for signature. [Doc. 25, p. 2] This *Charge of Discrimination* was signed by Padilla on May 7, 2010, and was sent to Defendant. [Doc. 22-1] The EEOC *Charge of Discrimination* form contains an area labeled "DISCRIMINATION BASED ON," which asks the complainant to mark the appropriately labeled box or boxes to indicate the type of discrimination that he or she claims occurred. [Doc. 22-1, p. 2] On

1

her initial *Charge of Discrimination* form, Padilla marked the boxes for age and sex discrimination, but not the box for disability discrimination. [Doc. 22-1, p. 2; Doc. 25, pp. 2-3] The full, unedited "Statement of Discrimination" in the May 7, 2010 *Charge of Discrimination* states:

> I was hired by the Respondent on May 1, 2006, in a full time position as a Warehouse Clerk Specialist. During the periods of my employment from January 5, 2009 to the most recent July 16, 2009, of the date of my termination. My supervisor have subjected me to disparate treatment to include, but not limited; I was paid less wages then the younger male co-workers, denied promotion and a lesser qualified male (EU) was promoted and I was not. I complained about this treatment to my supervisor and nothing was done. I was out from work since May 2009, for surgery and when I returned back to work on July 16, 2009, I was called into my superior's office and fired.
>
> I believe that I have been discriminated against because of my Sex (Female) and due to my Age (58) in violation of Title VII of the Civil Rights Act of 1964 as amended and the Age Discrimination in Employment Act of 1967.

[Doc. 22-1, p. 2] There is no dispute that Padilla made this *Charge of Discrimination* within her 300 day deadline for filing a charge of discrimination. *See* 29 C.F.R. § 1601.13.

On July 8, 2010, Padilla signed an *Amended Charge of Discrimination* [Doc. 22-2] The "Statement of Discrimination" is the same but the following sentence was added:

> I believe I was subjected to discrimination in violation of Title VII of the Civil Rights Act of 1964 because of my national origin (Hispanic); in violation of the Equal Pay Act because of my sex (female); and the Americans with Disabilities Act of 1990, as amended, because of my disability. I believe I was retaliated against because I complained about wage discrimination which is a violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act.

[Doc. 22-2, p. 2] In addition, on the *Amended Charge of Discrimination*, the following boxes were checked as the bases of alleged discrimination: Disability, Retaliation, Age, Sex, National Origin and Other (Equal Pay). [Doc. 22-2, p. 1] The EEOC states that it received the *Amended Charge of Discrimination* on July 15, 2010 and "promptly sent notice to Defendant of the Amended Charge." [Doc. 25, p. 3] There is no dispute that the *Amended Charge of Discrimination* was submitted, signed and sent to Defendant later than Padilla's 300 day deadline to file a charge of discrimination.

During the administrative investigation of the claim, Defendant responded to the charge by denying that it discriminated against Padilla on any grounds, including on the basis of disability. [Doc. 25-2, p. 1] On September 24, 2013, the EEOC issued a determination concluding that there was not sufficient evidence to support Padilla's allegations "that she was paid lower wages and denied a promotion because of her sex, national origin, disability, age or in retaliation for complaining of gender based wage discrimination." [Doc. 25-3, pp. 1-2] However, the EEOC determined that "there is reasonable cause to conclude that the Charging Party was discharged because of her sex (female), national origin (Hispanic), disability and in retaliation for complaining of gender based wage discrimination." [Doc. 25-3, p. 2] The EEOC invited Defendant to engage in conciliation efforts. [Doc. 25-3, p. 2; Doc. 25-4, p. 2] On March 21, 2014, the EEOC determined that further conciliation efforts would be futile or non-productive. [Doc. 25-4, p. 1]

On September 18, 2014, the EEOC filed a Complaint in this Court. [Doc. 1] The EEOC brought a single count for wrongful discharge based on disability or perceived

3

disability, in violation of 42 U.S.C. § 12112(a) and (b)(1). [Doc. 1, ¶¶ 36-45] In response, Defendant filed the present *Motion to Dismiss for Lack of Subject Matter Jurisdiction*. [Doc. 22] Defendant argues that "Padilla failed to exhaust her administrative remedies" because her *Amended Charge of Discrimination*, which is the first and only *Charge of Discrimination* to check the box for disability discrimination, was not filed within 300 days of the allegedly discriminatory conduct. [Doc. 22, pp. 2-3]

**DISCUSSION AND APPLICABLE STANDARDS**

*The Court will Convert the Motion to Dismiss into a Motion for Summary Judgment*

As a preliminary matter, the EEOC asserts that Defendant incorrectly brought a motion to dismiss for lack of subject matter jurisdiction, rather than a motion for summary judgment. [Doc. 25, p. 4] Defendant does not dispute this argument, instead arguing that even if the motion is treated as a motion for summary judgment, the EEOC has not shown that it would be successful. [Doc. 32, p. 2]

A challenge based on a complainant's failure to timely file a charge of discrimination is non-jurisdictional. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("The provision granting district courts jurisdiction under Title VII, 42 U.S.C. §§ 2000e-5(e) and (f), does not limit jurisdiction to those cases in which there has been a timely filing with the EEOC."); *Green v. Donahoe*, 760 F.3d 1135, 1140 (10th Cir. 2014) ("[T]he untimeliness of an administrative claim, although an exhaustion issue . . . is not jurisdictional." (Internal citation omitted)), *cert. granted*, 135 S.Ct. 1892; *see also Gad v. Kansas State Univ.*, 787 F.3d 1032, 1038 (10th Cir. 2015) (stating that timeliness is not

jurisdictional and that whether a Title VII statutory requirement is "jurisdictional or non-jurisdictional turns in large part on whether it is located in Title VII's jurisdictional subsection"). Rather, "Congress intended the filing period to operate as a statute of limitations instead of a jurisdictional requirement." *Zipes*, 455 U.S. at 394.

Because Defendant's challenge is only to the timeliness of Padilla's claim, Defendant's motion cannot be considered under Federal Rule of Civil Procedure 12(b)(1) (governing motions to dismiss for "lack of subject-matter jurisdiction"). As such, this Court will convert the motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a).[1]

When the court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 654 (10th Cir. 2002) (stating that the purpose of notice is so that the parties "may present all materials made relevant by Rule 56"). In this case, Defendant submitted documentary evidence outside of the pleadings because it incorrectly believed that the Court could consider such evidence as part of its motion attacking subject matter jurisdiction. [Doc. 22, pp. 3-4; Doc. 22-1; Doc. 22-2] Likewise, the EEOC attached documentary evidence, assuming this Court would consider it in ruling on the motion under Rule 56. Defendant, in its reply, did not object to the Court

---

[1] Because Defendant's Motion to Dismiss does not attack subject matter jurisdiction or fall into the other Rule 12(b) categories, it is more appropriately considered motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The Court may treat motion for judgment on the pleadings as a motion for summary judgment pursuant to Federal Rule of Procedure 12(d).

considering the documents outside of the pleadings, did not request any additional discovery, and did not present any new documents, though it was aware that the EEOC was requesting the Court to consider its motion as a motion for summary judgment. Under these circumstances, additional notice before considering this matter under Rule 56 is unnecessary, as the parties attached and intended the Court to consider relevant documents outside of the pleadings, and each party had and availed itself of the opportunity to submit such documents. *See Wheeler v. Main Hurdman*, 825 F.2d 257, 260 (10th Cir. 1987) ("[W]hen a party submits material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the parties puts them on notice that the judge may treat the motion as a Rule 56 motion."); *Calbert v. Sauer*, 504 Fed. Appx. 778, 782 (10th Cir. 2012) (unpublished decision) (concluding that additional notice by the Court that it would convert the motion into a motion for summary judgment was unnecessary because all parties submitted evidence outside of the complaint).

### *Padilla's Initial Charge of Discrimination included a Charge of Disability Discrimination*

The Court must "liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim." *Jones v. UPS, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). A charge of discrimination must "'contain facts concerning the discriminatory and retaliatory actions underlying each claim.'" *Green*, 760 F.3d at 1140 (quoting *Jones*, 502 F.3d at 1186). Our Tenth Circuit states that, while the failure to mark a box alleging a particular basis for discrimination "is not dispositive . . . it certainly creates a presumption that [the complainant] was not

6

asserting claims represented by boxes not checked." *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998). "To establish exhaustion, a Title VII plaintiff must show that the claim is within the scope of the administrative investigation that could reasonably be expected to follow from the allegations raised in the charge." *Green*, 760 F.3d at 1140. Even though an allegation may be "sparse," if it identifies the type of discrimination complained of, the alleged harasser, and an approximate time period, [it] is minimally sufficient to satisfy the requirements for the contents of a charge of discrimination and the purposes of the notice requirement." *Gunnell*, 152 F.3d at 1260.

In *Green*, the Court concluded that the district court properly dismissed two claims, one based on an investigative interview and the other based on a letter notifying him of the interview, "[b]ecause the charge did not contain a description of the letter or the interview that would have caused the EEO Office to investigate them as separate instances of discrimination." *Green*, 760 F.3d at 1141. However, the Court did not reach the same conclusion with regard to a claim based on a threat of criminal prosecution, because the complainant's EEOC charge stated that the employer bullied, harassed and intimidated the complainant by threatening "possible criminal charges for delay of mail which I never delayed any mail in my Postal Career." *Id.* (emphasis omitted). Because the facts underlying the alleged discriminatory and retaliatory actions, namely the threatened criminal prosecution, was stated in the claim, the Court declined to affirm the district court's dismissal of the claim on the grounds of failure to exhaust. *Id.* at 1142.

Similarly, in *Jones*, the Court rejected the employer's argument that the complainant did not allege disability discrimination. In his EEOC form, the complainant stated:

> Injured on 10/6/03. On 12–4/–3 Dr. Stechschulte placed permanent restriction on me, On 2–3–04 Dr. Michael J. Poppa release[d] me to return to full duty, On 2–9–04 Dr. Legler release[d] me to return to full duty. After UPS contacted Dr. Legler, Dr. Legler changed restriction on 2/9/04.

*Jones*, 502 F.3d at 1087. The Court held "We agree with the District Court that these allegations should have triggered an inquiry into whether UPS viewed Mr. Jones as disabled." *Id.*

Applying this case law, the Court concludes that there is a presumption that Padilla did not intend to allege disability discrimination because she did not check the box alleging disability discrimination in her initial charge. This presumption is overcome, however, based on the narrative in her charge of discrimination, which states: "I was out of work since May 2009, for surgery and when I returned back to work on July 16, 2009, I was called into my superior's office and fired." [Doc. 22-1, p. 2] The only reason for Padilla including this sentence is that she claimed disability discrimination for being terminated immediately after being out of work for two months for surgery. Otherwise, the information is extraneous because it is immaterial to her claims for age and sex discrimination.[2] Accordingly, despite the missing check mark, Padilla's initial

---

[2] The following statement in the narrative supports to Padilla's age and sex discrimination claims: "My supervisor have (*sic*) subjected me to disparate treatment to include, but not limited; (*sic*) I was paid less wages then (*sic*) the younger male co-workers, denied promotion and a lesser qualified male (EU) was promoted and I was not." [Doc. 22-1, p. 2]

8

charge of discrimination contained facts concerning disability discrimination. Further, the claim of disability discrimination was "within the scope of the administrative investigation that could reasonably be expected to follow from the allegations raised in the charge." *Green*, 760 F.3d at 1140.

Padilla timely brought a charge of disability discrimination and thus the charge of disability discrimination was timely brought and administratively exhausted.

### *Alternatively, Padilla's Amended Charge of Discrimination Relates Back to her Initial Charge of Discrimination*

Addressing the possibility of the Court ruling that the charge of disability discrimination was not within the timely *Charge of Discrimination*, both parties addressed an alternative issue. The parties dispute whether the EEOC can rely on Padilla's amended charge of discrimination, filed more than 300 days after the allegedly discriminatory act (Defendant's discharge of Padilla), as a basis for administrative exhaustion.

An amendment to a charge of discrimination which "relate[s] back to the filing date of the original charge . . . [is] considered timely even if the amendment takes place after the deadlines set forth in [29 C.F.R.] § 1601.13." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999), *abrogated on other grounds by Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003). In *Simms*, the complainant initially filed a charge of race discrimination based on the failure to promote him, and then, after the statutory period to make a charge expired, he amended his charge to add a claim of retaliation based on the same conduct. *Id.* at

1325. The Court stated that, pursuant to 29 C.F.R. § 1601.12(b):[3] "To relate back, an amendment must (1) correct technical defects or omissions; (2) clarify or amplify allegations made in the original charge; or (3) add additional Title VII violations related to or growing out of the subject matter of the original charge." *Id.* at 1326 (internal quotation marks and citation omitted). In considering the third option, whether the complainant's amendment grew out of the subject matter of the original charge, *Simms* announced the rule that "an amendment will not relate back when it advances a new theory of recovery, regardless of the facts included in the original complaint." *Id.* at 1327. Thus, *Simms* held that the complainant's amendment in *Simms* did not relate back to the earlier charge of discrimination because it advanced a new theory of recovery. *Id.*

---

[3] The EEOC argues that 29 C.F.R. § 1626.22(c), contained within the Age Discrimination in Employment regulations, controls, rather than 29 C.F.R. § 1601.12(b). [Doc. 25, pp. 9-10] Section 1626.22(c) states:

> Whenever a charge is filed under one statute and it is subsequently believed that the alleged discrimination constitutes an unlawful employment practice under another statute administered and enforced by the Commission, the charge may be so amended and timeliness determined from the date of filing of the original charge.

Defendant argues not only that 29 C.F.R. § 1601.12(b) applies, but also assumes that it is the more restrictive of the two regulations because it requires that any newly alleged acts are "related to or grow[] out of the subject matter of the original charge" in order to "relate back" to the charge and be timely. [Doc. 32, pp. 3-4] There is no case law in our circuit establishing which regulation applies under particular circumstances or that the Court would construe relation back 29 C.F.R. § 1626.22(c) to be less onerous than 29 C.F.R. § 1601.12(b).

For purposes of this decision the Court has assumed that 29 C.F.R. § 1601.12(b) controls given that its standard has been enunciated and is arguably the more onerous standard for the EEOC to meet.

The Court concludes that *Simms* is distinguishable from this case for three reasons. First, this case, unlike *Simms*, falls within the first basis for finding relation back under 29 C.F.R. 1601.12(b), namely correcting a technical defect or omission. In this case, while Padilla stated in the text of her claim that she was terminated upon returning to work after being off of work for two months "for surgery," she only alleged sex and age discrimination. However, the fact that she was out of work for two months before being terminated is clearly not the basis for either her age or sex claims, which are both based on other facts stated in her narrative (that a younger male was promoted and she was paid less than younger male co-workers). [Doc. 22-1, p.2] Thus, there is evidence of an error in failing to insert a check mark in the disability discrimination box. In *Simms*, on the other hand, the complainant was relying on the exact same facts to allege two different theories, the first of which he timely brought and the second of which he did not. *Id.* at 1325.

Second, the amendment here falls within the second basis for relation back, clarification. Consistent with her original narrative, Padilla's amended *Charge of Discrimination* makes it clear that she intended to bring a claim for disability discrimination. This amendment explains why Padilla included the sentence indicating she was fired after returning to work after surgery. As stated above, if she did not intend to bring a claim of disability discrimination, the information in this sentence, other than the date she was terminated, was entirely unnecessary because it was unrelated to her age and sex based claims of discrimination. *Compare id.* at 1326 (concluding that the amended charge of discrimination "did not clarify or amplify allegations in the [original]

EEOC charge because the original charge, even when construed liberally, contained no mention of the theory of retaliation or facts supporting such a claim"). Thus, the amendment clarified that Padilla was in fact alleging disability discrimination, consistent with her narrative.

Finally, the amendment here was timely under the third ground for determining that an amendment relates back to an original charge. Unlike in *Simms*, here, given the clear implications from the narrative, the Defendant was on notice that disability discrimination was related to or grew out of the subject matter of the original charge, Padilla's termination upon returning to work after an extended absence for surgery. In sum, the rationale behind *Simms* does not apply to the facts of this case. *Id.* at 1326-27.

Thus, as an alternative ground for the Court's determination that the claim of disability discrimination has been exhausted, the Court concludes that Padilla's amended charge of discrimination, which expressly checked the box labeled disability discrimination, fits all three tests under 29 C.F.R. § 1601.12(b) in order to be considered timely.

### *The EEOC's Additional Arguments*

Relying on cases from various other circuits, the EEOC argues that the timeliness of the amendment is irrelevant because, since the EEOC is bringing this law suit, not Padilla, it can file suit on any discrimination uncovered during the course of its investigation, regardless of whether a timely charge of discrimination on that ground was filed. *Citing EEOC v. Gen. Elec. Co.*, 532 F.2d 359, 364-65 (4th Cir., 1976) (describing a charge of discrimination as a "jurisdictional springboard" for the EEOC). [Doc. 25, pp.

5-8]  However, the EEOC did not submit any precedent establishing that our Tenth Circuit has addressed this argument.  The more restrictive Courts of Appeals hold that the "EEOC's complaint is limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination" in order to allow the EEOC to use a charge as a jurisdictional springboard.  *EEOC v. Bailey Co.*, 563 F.2d 439, 446 (6th Cir. 1977) (internal quotation marks and citations omitted), *overruled on other grounds by Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418 n.12 (1978).  Assuming the Court were to address this argument, and apply (without adopting) the more restrictive view, the Court would rule in the EEOC's favor based on its conclusion that the allegation of disability discrimination could reasonably be expected to grow out of the charge of discrimination, because Padilla included facts suggesting that she was allegedly terminated due to a disability.

Finally, the parties dispute whether the Intake Questionnaire which Padilla filled out can be considered in determining whether Padilla's charge of disability discrimination was exhausted.  However, the Court does not reach this question because, even looking solely at the initial charge of discrimination, the claim of disability discrimination was exhausted.

**CONCLUSION**

**THEREFORE, IT IS HEREBY ORDERED** that, for the reasons set forth above, *Defendant Apria Healthcare Group, Inc.'s Motion to Dismiss for Lack of Subject*

*Matter Jurisdiction* [Doc. 22] is converted into a motion for summary judgment and **DENIED**.

**SO ORDERED** this 11th day of February, 2016 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge