IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

   Plaintiff,

v.                 No. 1:14-cv-00851MCA/KBM

APRIA HEALTHCARE GROUP, INC.,

   Defendant.

### PLAINTIFF EEOC'S MOTION TO COMPEL DISCOVERY

   Plaintiff certifies that it engaged in good faith and reasonable efforts to resolve this discovery dispute concerning Defendant's response to Plaintiffs First Set of Interrogatories and Request for Production of Documents, as required by Fed. R. Civ. P. 73(a)(1) and D.N.M.LR-Civ. 7.1(a). The discovery underlying this motion is attached as Exhibit 2 and the original requests and responses can be found at Dkt. 59-004, as required by D.N.M.LR-Civ. 37.1(a) and (b).1.

**I. Pertinent Facts**

   The facts pertinent to the EEOC needing to file this Motion to Extend were fully briefed in the EEOC's Motion to Extend and the Reply to the same. *See* Dkt. 65; Dkt. 87; Dkt. 87-003. As such, the EEOC will not waste the Court's time with a repeating of those facts. However, there are some new developments that are relevant to this matter that have not been briefed.

   On July 11, 2016, the EEOC sent Defendant another good faith letter in response to their supplementation of their responses to the EEOC's First Set of Requests for Interrogatories and

Request for Production of Documents. *See* Dkt. 87-003. In response, on July 15, 2016 at 3:30 in the afternoon, Defendant sent the EEOC a letter that explicitly stated that its position is the EEOC failed to file this Motion to Compel timely and thus will not be supplementing its responses. *See* Defendant's July 15, 2011 Letter Attached as Exhibit 1.

In its Motion to Extend (Dkt. 65), the EEOC requested that the Court grant an extension for the Motion to Compel deadline until July 15, 2016. This Motion is being filed in anticipation of the Court granting that extension

## II. Argument

### A. Defendant improperly limited the geographic scope of two responses

Apria has improperly limited the geographic scope of Interrogatory 4, which requests company-wide information regarding the Apria employees that were laid off as part of its July 2009 reduction in force, and Request for Production 15, which requests that Apria provide all reduction in force selection worksheets that were used as part of its July 2009 reduction in force. *See* Defendant's Supplemental Response to EEOC's First Set of Interrogatories and Request for Production of Documents attached as Exhibit 2.

When determining the scope of discovery for non-class action complaints, "the most natural focus is upon the source of the complained discrimination—the employing unit or work unit." Mackey v. IBP, Inc., 167 F.R.D. 186, 195 (D. Kan. 1996) (quoting Heward v. Western Elec. Co., No. 83-2293, 1984 WL 15666, at *6 (10th Cir. July 3, 1984) (citations omitted)). However, corporate-wide discovery "may be relevant in both individual and class actions cases." *Id.* The 10th Circuit has established that:

> the scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness, and *in an EEOC [ (Equal Employment*

> *Opportunity Commission) ] case the discovery scope is extensive*. This is a factor which the court should balance on the benefit side as against the burden to the defendant in answering the interrogatories. If the information sought promises to be particularly cogent to the case, the defendant must be required to shoulder the burden.

*Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975) (emphasis added).

As one court within the 10th Circuit noted, "[w]hen a motive or intent of a defendant employer is at issue, information concerning its conduct towards employees other than the plaintiff is relevant." *Equal Employment Opportunity Comm'n v. Kansas City S. Ry.*, No. 99-2512-GTV, 2000 WL 33675756, at *5 (D. Kan. Oct. 2, 2000) (expanding the geographic scope of discovery beyond employee's work unit when employee was terminated by division manager); *see also White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1258 (D. Kan. 2008) (granting company wide-discovery for plaintiff who established that termination decisions were made by one department for the entire company and not by employee's work unit manager); *Azimi v. United Parcel Serv., Inc.*, No. 06-2114-KHV-DJW, 2007 WL 2010937, at *3 (D. Kan. July 9, 2007) (explaining that the motive and intent of supervisors who make employment decisions for the charging party and other employees helps to determine whether employment decisions regarding the charging party are discriminatory).

Here, Defendant argues that Interrogatory 4 and Request for Production 15 should be limited to certain positions and certain regions, but declines to appropriately extend the geographic scope. Defendant first argued that the relevant geographic scope was the warehouse where Ms. Padilla was employed. *See* Dkt. 59-004. Defendant then switched course and argued that it already provided EEOC with a Company-wide list for Warehouse Clerks, satisfying the response. *See* Defendant's June 10, 2016 Response to the EEOC's Good Faith Letter Attached as

Exhibit 3. However, on June 17, 2016, Defendant yet again changed its position in its supplemental response on June 17, 2016, and provided EEOC with a spreadsheet for employees for the Southwest Region only. *See* Exhibit 2. While it is clear that Apria is confused as to what geographic scope is relevant, case law supports the EEOC's request for company wide data for Interrogatory 4 and Request for Production 15.

Like the employees in *Kansas City S. Ry.*, *White*, and *Azimi,* Ms. Padilla's termination was not determined by the supervisors in her working unit, rather her termination was the result of a company-wide reduction in force. Moreover, like in *Azimi*, expanding the geographic scope of discovery for these two discovery requests to all employees company-wide is appropriate because these employees faced termination by the same decision makers and under the same terms as Ms. Padilla. In other words, Ms. Padilla's termination was decided by supervisors outside of her working unit, and their "motive or intent" for terminating Ms. Padilla is central to this case. The EEOC can only discern Defendant's motive or intent for firing Ms. Padilla by obtaining company-wide information for all employees subject to the 2009 reduction in force. Thus, the EEOC requests that the Court compel Apria to provide the EEOC with company-wide information in line with the EEOC's requests in Interrogatory 4 and Request for Production 15.

**B. Defendant has a duty provide employee names instead of employee identification numbers**

Concerning Interrogatories 4, 6, and 7 and Request for Production 15. Apria has improperly excluded identifying information for employees who are potential witnesses and likely to have relevant information. *See* Exhibit 2; Apria's Supplementation to Interrogatory 4 Attached as Exhibit 5; Apria's Supplementation to Interrogatory 6 Attached as Exhibit 6. Specifically, Apria identified employees by their employee identification number but excluded

the employee's name and contact information. In discovery, the EEOC "should be afforded necessary discovery to identify and locate information for witnesses who may have discoverable information relating to [their] case. *E.E.O.C. v. Univ. of Phoenix, Inc.*, No. CIV-05-1048 JB/WPL, 2007 WL 1302578, at *5 (D.N.M. Apr. 10, 2007). Refusals to produce identifying information are improper because they interfere "with the EEOC's ability to locate potential witnesses." *Id.* As long as the EEOC request are narrowly tailored to identify persons who may have discoverable information relating to the case, it "should be afforded necessary discovery to identify and locate information" from those witnesses. *Id.*; *Cf. U.S. E.E.O.C. v. McLane Co.*, 804 F.3d 1051, 1057 (9th Cir. 2015) (holding that defendant could not withhold employee names during the course of EEOC investigation).

In *EEOC v. University of Phoenix, Inc.*, the EEOC sought identifying information for employees who worked in the same facility as the Charging Parties. *See Univ. of Phoenix, Inc.*, No. CIV-05-1048 JB/WPL, 2007 WL 1302578, at *5. The EEOC believed these employees were potential witnesses to alleged disparate treatment and hostility of a former manager of the defendant. *Id.* The Court held the information being sought was relevant. The court reasoned that "without basic identifying information such as addresses, the EEOC cannot locate potential witnesses." *Id.* at 6. The court further reasoned the EEOC was entitled to discovery regarding these employees because "there may be additional employees" who were not identified, and might have "experienced or witnessed harassment, discrimination." *Id.*

Here, the EEOC is only seeking the names of the employees who worked with Ms. Padilla at Defendant's Albuquerque Warehouse and were subject to the same or similar terms and conditions of employment, including rates of pay, terminations pursuant to Defendant's July 2009 reduction in force and accommodation requests under the ADA. Like the employees in

*University of Phoenix, Inc.*, the employees responsive to the EEOC's requests are potential witnesses to the alleged discrimination by Defendant. The documents produced by Defendant are useless without the employees name and contact information because the EEOC has absolutely no way of discerning who the employee is by their identification number. Only Apria can do that. Furthermore, the requests by the EEOC are narrowly tailored in scope and proportional to the needs of this case. Thus, the EEOC requests that the Court compel Defendant to produce the names and contact information for the employees Defendant identifies in its response to Interrogatories 4, 6, and 7 and Request for Production 15. *See* Exhibits, 2, 5 and 6.

**C. Compel information that Defendant's already agreed to produce by hasn't yet produced**

After multiple good faith efforts by EEOC to limit its discovery requests regarding Interrogatories 9, 13, and 14 and Request for Production 14, Defendant agreed on June 10, 2016 to produce documents responsive to these requests in line with the EEOC's narrowing of the requests. *See* EEOC's June 2, 2016 Letter to Defendant attached as Exhibit 4; Exhibit 3. However, Defendant has failed to honor its agreement, which has caused prejudicial and unnecessary delay in discovery. *See* Exhibit 2. Just today, Defendant sent the EEOC a letter stating it has no intention to supplement its responses in line with the EEOC's July 11 letter. *See* Exhibit 1; Dkt. 87-003.

In regards to Interrogatory 9, Defendant's response stated "Apria will respond to EEOC's narrowed request to subject to provisions of the protective order currently before the court." *See* Exhibit 3. Defendant further agreed in its supplemental response to provide this information for the time period of January 1, 2008 to the present. *Id*. However, in Defendant's supplemental response to Interrogatory 9, it only provided information for 2010 and 2015. *See* Exhibit 2.

In regards to Interrogatory 13, Defendant agreed that "Apria will supplement this request and provide responsive information." Exhibit 2. However, Defendant simply did not provide any responsive information in its supplemental response. Exhibit 3.

In regards to Interrogatory 14, Defendant agreed that "Apria will respond to EEOC's narrowed request by providing an employee list that identifies individuals by employee number, location, title, and position." *See* Exhibit 3. However, Defendant has completely failed to provide a supplemental response for Interrogatory 14, despite numerous efforts by the EEOC to obtain this critical information. *See* Exhibit 2.

In regards to Request for Production 14, Defendant agreed that "Apria will respond to EEOC's narrowed request by providing an employee list that identifies employee's number, location, title, and position." *See* Exhibit 3. Defendant's supplemental response similarly stated that Defendant would agree to provide information, but indicated that "Apria is in the process of compiling the documents within these temporal and geographic limitations" and would produce documents as soon as they were compiled. *See* Exhibit 2. Given Defendant's tactics in this case, the EEOC cannot rely on that assertion. Moreover, in light of today's letter the EEOC has no choice but to assume Defendant will not supplement its responses as promised. *See* Exhibit 1.

Defendant's failure to provide agreed upon evidence has hindered and delayed discovery which is currently set to terminate on August 11, 2016. The Defendant has unnecessarily increased costs, interfered with the EEOC's ability to conduct appropriate discovery, and put additional burden on the Court to compel discovery on issues that were already resolved by good faith efforts between the parties. Therefore, EEOC respectfully request the Court to compel discovery on these requests in line with agreements already reached between the parties. Moreover, for the same reasons articulated in Section B above, the EEOC requests that

Defendant provide employee names and contact information, not identification numbers. The EEOC needs more than employee identification numbers; the EEOC needs to know their names and be able to contact these witnesses.

**D. Providing Bates Numbers**

Regarding Interrogatory 1, 7, 8, 10 and Request for Production 14, Defendant has failed to comply with the Federal Rules of Civil Procedure by reasonably identifying documents already produced. *See* 56-004; Exhibit 2.

Rule 33(d) of the Federal Rules of Civil Procedure "provides that an interrogatory may be answered by directing the requesting party to appropriate documents." *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 385 (W.D. Tenn. 1999); Fed. R. Civ. P. 33(d). If a party chooses to respond this way, it must answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. Fed.R.Civ.P. 33(d)."

Federal Rule of Civil Procedure 34(b) allows parties to respond to Request for Production by producing documents "as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b). If a responding party to a Request for Production responds that documents have already been produced, then they have the burden of proving those documents were produced in the usual course or business, or else there are required to "identify by bates number which documents are responsive to each request" in order to show they complied with the "organize and label" requirement. *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535 (D. Kan. 2006); *Cardenas v. Dorel Juvenile Grp.*, Inc., 230 F.R.D. 611 (D. Kan. 2005).

Here, Defendant has repeatedly directed EEOC to documents already produced in response to EEOC's Interrogatories and Request Production of Documents. These responses fall short of the Federal Rules' requirements. Defendant's interrogatories fail to conform to Rule 33(d) because they direct the EEOC to documents obtained during EEOC investigation and through initial discovery, but fail to specify by bates numbers responsive to each request, which would allow the EEOC to "to locate and identify them as readily as the responding party could."

Defendant has similarly failed to meet Rule 34(b)'s standards for respones to EEOC's Request for Production. Indeed, Defendant's responses fail to comply with Rule 34(b)'s "organize and label" requirement and are thus invalid responses. *See* Fed.R.Civ.P. 34(E)(i).

For the reasons stated above, the EEOC request that the Court compel Defendant to comply with the Federal Rules by identifying the documents referred to in their responses by bates numbers. Also, if no other responsive documents exist, the EEOC requests that the Court compel Defendant to affirmatively state so in its response.

### III. Conclusion

For the reasons stated above, the EEOC requests the Court compel Defendant to produce documents and/or comply with the Federal Rules of Civil Procedure immediately. The discovery deadline is fast approaching and the EEOC must have discovery if it is to be able to depose Defendant and witnesses in this case. Moreover, in light of Defendant's tactics in this case, the EEOC requests its reasonable fees for having to file this motion.

Dated: July 15, 2016

*s/ Michael Baskind*

Michael Baskind
Christina A. Vigil
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Albuquerque Area Office
505 Marquette Ave. N.W., Suite 900
Albuquerque, New Mexico 87102
(505) 248-5231

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the July 15, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Andrea Robeda
Danny Jarrett
    Attorney at Law