Representing Management Exclusively in Workplace Law and Related Litigation



Jackson Lewis P.C.
4300 San Mateo Blvd NE
Suite B-260
Albuquerque, NM 87110
Tel 505-878-0515
Fax 505-878-0398
www.jacksonlewis.com

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DENVER, CO
DETROIT, MI
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MEMPHIS, TN
MIAMI, FL
MILWAUKEE, WI
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR
PORTSMOUTH, NH
PROVIDENCE, RI
RALEIGH-DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAN DIEGO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON DC REGION
WHITE PLAINS, NY

DIRECT DIAL: 505-875-8565
EMAIL: ANDREA.ROBEDA@JACKSONLEWIS.COM

July 15, 2016

**Via E-Mail to:**
christina.vigil@eeoc.gov
michael.baskind@eeoc.gov

Christina A. Vigil
Michael Baskind
U.S. EEOC Albuquerque Area Office
505 Marquette, N.W., Suite 900
Albuquerque, New Mexico 87102
(505) 248-5231
(505) 248-5217 *fax*

Re: *EEOC v. Apria Healthcare Group, Inc.*

Dear Ms. Vigil and Mr. Baskind:

I am writing in response to the EEOC's July 11, 2016 supplementation demand. To begin, the EEOC's contention that discovery supplementation is still outstanding is mistaken. The EEOC sent Apria a supplementation demand regarding Apria's responses to the EEOC's First Set of Requests for Production of Documents ("RFPs") and First Set of Interrogatories ("Interrogatories") on June 2, 2016. Apria responded to the EEOC's supplementation demand on June 10, 2016 and Apria supplemented its responses to the EEOC's first Interrogatories and RFPs on June 17, 2016. Thus, the parties engaged in the good faith process with respect to the EEOC's first set of discovery requests. The EEOC's deadline to file a motion to compel vis-à-vis its first set of RFPs and Interrogatories expired on June 14, 2016. The EEOC failed to file a motion to compel addressing Apria's substantive responses to the EEOC's first set of discovery requests prior to the deadline. For that reason, Apria will not address the EEOC's demand for supplementation concerning the EEOC's first set of Interrogatories and RFPs. Nevertheless, Apria recognizes its ongoing duty to supplement under the Federal Rules and it will abide by its duty to supplement in accordance with the Federal Rules.

Apria responds to EEOC's request for supplementation to the EEOC's Second Set of Interrogatories and Requests for Production of Documents as follows.





**Interrogatories**

No. 15: In this Interrogatory, the EEOC asked Apria to describe with specificity how it determined labor overages over a span of four years, seeking "all procedures, practices, objective and/or subjective criteria, documents, financial information and/or considerations, and any other information used to identify, support or justify a labor overage during this timeframe." Apria responded to this Interrogatory by describing its Staffing Calculator or Staffing Tool and the process by which it is implemented. The EEOC's demand for supplementation seeks proprietary information and trade secrets that are generally not known to Apria's competitors, and required the time, talent, and effort of Apria to develop. Such information, processes, and practices keep Apria economically viable and competitive within its industry. Apria responded to the Interrogatory and will not supplement its response further unless and until the form of protective order Apria submitted to the Court is entered.

No. 16: The EEOC's contention that no objection was stated with respect to this Interrogatory is wrong. Apria included fourteen (14) general objections in its responses. Specifically, objections 1, 3, 7, 8, and 9 apply to this Interrogatory. Notwithstanding those objections, Apria provided responsive information. Apria will supplement its response to include all per diem employees who were employed with Apria company–wide for the relevant time period. In the event that EEOC determines that it would like to know the names of certain employees, Apria will consider providing specific employee names.

No. 17: The documents produced reflect the communications Defendant is aware of at this time. In the event Defendant discovers additional information, Defendant will supplement this request in accordance with the rules. Defendant cannot be compelled to provide information that does not exist or that is not in Defendant's possession, custody, or control. *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 640 (D. Kan. 2004). The EEOC has no information sufficient to question the veracity of the Apria's response. *Id.*

Nos. 18, 19, and 20: For the same reasons explained above, the documents produced reflect the communications Defendant is aware of at this time. In the event Defendant discovers additional information, Defendant will supplement this request in accordance with the rules. Defendant cannot be compelled to provide information that does not exist or that is not in Defendant's possession, custody, or control. *Sonnino v. Univ. of Kan. Hosp. Aut*h., 220 F.R.D. 633, 640 (D. Kan. 2004). The EEOC has no information sufficient to question the veracity of the Apria's response. *Id.*

No. 21: The EEOC's reliance on *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343, (10th Cir. 1975) for the proposition that discovery in discrimination cases is extensive is misplaced. The *Rich* case was a class action and thus discovery related to plant-wide discrimination was relevant to the claims asserted in the lawsuit. This case however, involves a single claim advanced by a single Plaintiff. Discovery related to other individuals based on the EEOC's "belief" that Frank Gonzales had a medical condition that necessitated an accommodation, without more, is not enough to justify the EEOC's request to go on a fishing expedition for Mr. Gonzales' private, medical information, which Apria has a legal obligation to maintain as confidential.





No. 22: As explained above, discovery related to other individuals based on the EEOC's "belief" that Helen Ostrander had a medical condition that necessitated an accommodation, without more, is not enough to justify the EEOC's request to go on a fishing expedition for her private, medical information, which Apria has a legal obligation to maintain as confidential.

**Requests for Production**

Nos. 16 and 17: Apria produced company-wide documents responsive to these requests based on the general nature of the request. If the EEOC wants documents specific to a particular position or the Albuquerque, New Mexico location, Apria may be able to provide those documents.

No. 18: As noted in response to Interrogatory No. 15, the requested information and, necessarily, the documents associated with it are proprietary. Apria responded to the Request and will not supplement its response further unless and until the form of protective order Apria submitted to the Court is entered.

Nos. 19, 20, 21, & 22: Apria will produce the documents in the manner indicated in its responses to these requests **once the protective order is entered**. The EEOC's reliance on *EEOC v. Kansas City Southern Railway*, 2000 U.S. Dist. LEXIS 21806 (D. Kan. 2000) is misplaced and actually supports Apria's position. In that case, the defendant refused to provide the personnel files requested. Here, Apria agreed to provide the personnel files upon entry of the protective order. Further, in that case the court specifically noted, "The nature of the requested discovery, nevertheless, warrants protection from unnecessary dissemination. Employee personnel files should not be widely disseminated. Such files may contain embarrassing or sensitive information. When the court denies a motion to compel in full or in part, it may at its discretion enter any protective order authorized under Fed. R. Civ. P. 26(c). Good cause exists to protect the confidentiality of the requested personnel file. Accordingly, the Court orders that the documents provided in response to Request 1 are deemed confidential. Plaintiff shall use them for no purpose other than this litigation. At the conclusion of this action and any appeals, Plaintiff shall return to Defendant all such confidential information and copies thereof." *Id.* at *12-13 (internal citations omitted).

**Requests for Admission**

No. 9: Apria will supplement by denying this request.

No. 12: Apria will supplement this request by clarifying that it made reasonable inquiry and that the information Ms. Toschak knows or can readily obtain is insufficient to enable her to admit or deny the request. Documentation to support the reasonable inquiry is not required. We asked Ms. Toshak if she knew prior to July 8, 2009, that Hilda Padilla was on medical leave pursuant to the Family Medical Leave Act and Ms. Toschak stated that she could not recall whether she knew that or not.

**Electronically Stored Information**

Apria's preliminary investigation and analysis shows the cost to restore the emails of the custodians in the EEOC's request and conduct the requested searches would likely be $235,000. Apria will provide a detailed cost estimate and supporting declaration with its supplementation. Based on the





volume of information implicated by this request, the burden or expense of the proposed ESI discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Apria stands ready to cooperate with the EEOC to narrow the scope of this request as may be appropriate to meet the requirements of Rule 1 and Rule 26(b)(2)(C), including possible reductions in date range and number of custodians, use of keyword filters, implementation of phased production, and clarification and narrowing of the scope of ESI intended to be requested.

**Conclusion**

Apria is willing to supplement its discovery responses to the EEOC's second set of requests discovery requests, subject to the provisions of the protective order currently pending before the Court, as detailed herein. Apria will also provide verification with its supplementation. The EEOC's demand for supplementation within four days of its supplementation demand is unreasonable. However, Apria will endeavor to provide the supplementation described herein prior to the depositions of its witnesses, the first of which is scheduled for July 20, 2016.

I trust this addresses the concerns identified in your July 11, 2016 correspondence. However, if you have any additional concerns, please feel free to contact me.

Sincerely,

JACKSON LEWIS P.C.

*/s/Andrea K. Robeda*

Andrea K. Robeda

AKR/lna

4835-9564-9333, v. 2